UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBRA A. TRAVIS,

    Plaintiff,

v.                                        Case No: 2:14-cv-715-FtM-29CM

ABLE WRECKER & ROAD
SERVICE, LLC, PURSELL'S
WRECKER & ROAD SERVICE,
INC., JOSEPH R. PURSELL and
MARY P. JENNINGS,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Second [2] Joint Motion for Approval of Settlement Agreement (Doc. 22), filed on June 2, 2015, which attached the Settlement Agreement for the Court's review (Doc. 22-1). For the reasons set forth herein, the Court recommends that the settlement be approved.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they promptly may file a joint notice of no objection.**

[2] The parties' first Joint Motion for Approval of Settlement Agreement (Doc. 18) was denied without prejudice because the parties failed to indicate whether the attorneys' fees and costs were negotiated separately. Doc. 19. The parties filed a supplement to the motion (Doc. 20) addressing the negotiation of the attorney's fees and costs. The parties have included the information from the supplement in this present motion. Doc. 22 at 8.

pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Plaintiff, Debra A. Travis, brought this claim for failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking recovery of unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs arising out of her employment as a Dispatcher and Office Assistant for Defendant. Doc. 1. Plaintiff claims that she is owed approximately

$3,378.11 in overtime wages and liquidated damages. *Id.* at 4. Defendant has agreed to pay Plaintiff $1,000.00 for back wages and $1,000.00 for liquidated damages, for a total amount of $2,000.00. Doc. 18 at 2-3. Plaintiff agreed to accept a compromised amount after the parties evaluated the strengths and weaknesses of their respective claims. *Id.* at 2. The parties also seek to avoid the risks, uncertainty, and costs of continued litigation. *Id.* at 5. Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here. *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendants further agree to pay Plaintiffs' attorneys' fees in the amount of $1,450.00 and costs in the amount of $550.00. Doc. 22 at 3. Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the attorneys' fees and costs were not negotiated separately but the parties represent that the amount is fair and reasonable under the circumstances. Doc. 22 at 3. Plaintiff's counsel represents that he is taking a significant discount from the actual attorneys' fees and costs incurred in this matter. *Id.* At the time the Plaintiff responded to the Court's interrogatories, April 16, 2015, Plaintiff's counsel had incurred $5,200.00 in fees and $475.00 in costs. Doc. 15 at 3. Plaintiff's counsel spent 13.86 hours on this case from inception through the date of filing the Court's interrogatories. Doc. 15 at 3. Plaintiff's counsel agreed take $1450.00 for attorney's fees. Doc. 22 at 3. This reduced his hourly rate from $375.00 to $104.62.

Although, the fees and costs were not negotiated separately, the Court finds that the amount is fair and reasonable under the circumstances. The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). *See also Norman*, 836 F.2d at 1299 (defining a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"). The prevailing market rate in this case is Fort Myers, Florida, or the surrounding counties in the Fort Myers Division of the Middle District of Florida. *See Olesen-Frayne v. Olesen*, 2:09-cv-49-FtM-29DNF, 2009 WL 3048451, at *2 (M.D. Fla. Sept. 21, 2009).

Here, the parties did not provide any information regarding Plaintiff's counsel's background or experience. When the Court has no information related to an attorney's experience, it previously has determined that $275.00 an hour is a

reasonable rate in the Fort Myers, Florida market. *See Kountze v. Kountze*, 2:12-cv-308-FtM-29DNF, Doc. 48 (M.D. Fla. Oct. 30, 2012). Thus, the Court finds that the attorneys' fees and costs in this matter are fair and reasonable.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The Second Joint Motion for Approval of Settlement Agreement (Doc. 22) be **GRANTED,** and the Settlement Agreement (Doc. 22-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 3rd day of June, 2015.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record